**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: May 11 2016**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 14-33814 |
| | ) | |
| Charles D. Hamrick, Jr., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 15-3036 |
| | ) | |
| Daniel M. McDermott, United States Trustee, | ) | Hon. Mary Ann Whipple |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Charles D. Hamrick, Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER
GRANTING MOTION FOR SUMMARY JUDGMENT**

This adversary proceeding is before the court on Defendant's Motion for Summary Judgment [Doc. # 15], Plaintiff's opposition [Doc. # 16] and Defendant's reply [Doc. # 23]. Defendant is the debtor in the underlying Chapter 7 bankruptcy case. In his complaint, Plaintiff, the United States Trustee, seeks an order denying Defendant a discharge pursuant to 11 U.S.C. § 727(a)(2)(A) and (B).

The district court has jurisdiction over Defendant's underlying Chapter 7 bankruptcy case and all civil proceedings in it arising under Title 11, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). The Chapter 7 case and all proceedings in it arising under Title 11, including this adversary proceeding,

have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered by the United States District Court for the Northern District of Ohio. Proceedings to determine objections to discharge are core proceedings that this court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(J). For the reasons that follow, Defendant's motion will be granted.

## **FACTUAL BACKGROUND**

The following facts are gleaned from the allegations in Plaintiff's complaint that Defendant has admitted, Defendant's affidavit, which is the only evidentiary material offered by the parties in this adversary proceeding, and where appropriate, documents filed in Defendant's bankruptcy case.[1]

GLA Water Management Company ("GLA") is an Ohio corporation formed in 1992 by Thomas Briggs and Defendant. [Doc. # 15, attached Def. Aff., ¶ 4]. Defendant owns fifty-four percent of the shares of stock in GLA and Briggs owns forty-six percent. [*Id.* at ¶¶ 2, 4]. Defendant is the president of GLA and performs services as a water technologist. [Doc. # 1, Complaint, ¶ 10; Doc. # 6, Answer, ¶ 4]. His wife served as a secretary and his son worked as a service technician for GLA. [*Id.*]. GLA entered into numerous service contracts over the years, typically for the purpose of providing consulting and boiler water treatment programs. [Def. Aff., ¶¶ 5-6 and attached Ex. A2]. The typical service contract, signed by Defendant as district manager of GLA, provided that the customer had the option to cancel the contract due to noncompliance with the contract in part or in its entirety with a thirty-day written notice. [*Id.* at 6 and attached Ex. A2, p.2].

Briggs owned the building that GLA occupied and held a promissory note owed to him by Defendant. [*Id.* at 8-9]. Eventually, GLA experienced financial difficulties. In 2011, Briggs caused GLA to be evicted from his building and obtained a cognovit judgment against Defendant in state court in the amount of $126,249.82. [*Id.;* Proof of Claim No. 6-1, p. 3]. Briggs also commenced an action against both GLA and Defendant in state court for breach of a lease agreement, to which GLA and Defendant counterclaimed for breach of a non-compete agreement. [Def. Aff., ¶ 10; Proof of Claim No. 6-1, p. 6]. A jury returned a verdict in favor of Briggs on his breach of the lease agreement claim in the amount of $118,750 and in favor of GLA on its breach of the non-compete agreement claim in the amount of $353,500, and judgment in the off-set amount of $234,250 was entered in favor of GLA. [Def. Aff., ¶ 11; Proof of Claim No. 6-1, p. 7]. However, in April 2014 the Ohio Sixth District Court of Appeals reversed the trial

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

court's judgment in favor of GLA. On October 14, 2014, the Ohio Supreme Court declined to accept jurisdiction of GLA's appeal. [Def. Aff., ¶¶ 11,14; Proof of Claim No. 6-1, pp. 9-10].

Defendant underwent surgery in 2013 for colon cancer and, at that time, made a decision to "start looking at a possible retirement or lessening involvement with work." [Def. Aff., ¶ 12]. After the judgment in favor of GLA was reversed in 2014, and after being advised that Briggs could seize his shares of stock in GLA as Briggs had told him he would do, Defendant decided that he was no longer going to work for GLA. [*Id*. at 15]. When Defendant informed his wife and son of his decision to wind down GLA, they decided to form their own company and created Eagle Engineering Water Technology, LLC ("Eagle Engineering"). [*Id*. at 16]. Defendant's son had worked in the industry for over twelve years and it was Defendant's original intent to have him replace Defendant at GLA. [*Id*.].

Defendant then began informing customers of GLA that he would no longer be working at GLA and that, since GLA could no longer service their needs, their contract allowed them to go elsewhere. [*Id*. at 17-18]. Defendant told GLA customers that they were free to choose any service provider, including Eagle Engineering; however, he had no control over whether any GLA customer chose Eagle or not. [*Id*. at 18].

Although Eagle Engineering gave him the "honorary title of President," he works part-time, is not responsible for day-to-day operations, does not sign checks, or have any ownership interest in the company. [*Id*. at 20]. Defendant was not working for GLA under a written employment contract and neither he nor his wife or son ever signed a non-compete agreement with GLA. [*Id*. at 23].

On October 17, 2014, Defendant filed his petition for relief under Chapter 7 of the Bankruptcy Code. [Case No. 14-33814]. The court granted Plaintiff an extension of time to file a complaint objecting to discharge until April 9, 2015. [Case No. 14-33814, Doc. # 36]. Plaintiff timely filed his complaint on April 9, 2015. The complaint seeks an order denying Defendant a discharge in his Chapter 7 case pursuant to 11 U.S.C. § 727(a)(2)(A) and (B).

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility

of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). With respect to issues on which the nonmoving party bears the burden of proof, the burden on the moving party may be discharged by pointing out to the court that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325. Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id.*

**II. 11 U.S.C. § 727(a)(2)**

Plaintiff objects to Defendant's Chapter 7 discharge pursuant to § 727(a)(2)(A) and (B). Consistent with the fresh start policy underlying the Bankruptcy Code, the provisions of § 727(a) are to be construed strictly against the objecting party and liberally in favor of the debtor. *Risk v. Hunter (In re Risk)*, 535 B.R. 203, 220 (Bankr. N.D. Ohio 2015) (citing *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 683 (6th Cir. 2000)). The party objecting to the discharge has the burden of proving by a preponderance of the evidence that the exception applies. *Keeney*, 227 F.3d at 683.

Section 727(a)(2) provides that:

(a) The court shall grant the debtor a discharge unless–

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed–
>
>> (A) property of the debtor, within one year before the date of the filing of the petition; or
>>
>> (B) property of the estate, after the date of the filing of the petition[.]

This section requires a plaintiff to prove the following two elements: 1) a disposition of property; and 2) "'a subjective intent on the debtor's part to hinder, delay or defraud a creditor through the act disposing of the property.'" *Id.* (quoting *Hughes v. Lawson (In re Lawson)*, 122 F.3d 1237, 1240 (9th Cir. 1997)). In addition, under § 727(a)(2)(A), the property disposed of must be property of the debtor and the disposition must have occurred within one year before the date the petition was filed. Under § 727(a)(2)(B), the property disposed of must be property of the bankruptcy estate and the disposition must therefore have

4

occurred after the filing of the petition.

Plaintiff's objection under § 727(a)(2) is based on an allegation that Defendant, with intent to hinder, delay, or defraud a creditor or officer of the estate, "transferred valuable assets of GLA (service contracts) to Eagle [Engineering]" within one year of filing his petition and after filing his petition and that "[t]hese service contracts were the property of the Defendant by virtue of his 56 percent ownership interest in GLA."[2] [Doc. # 1, ¶¶ 25, 29]. Defendant argues that neither he nor his bankruptcy estate had an ownership interest in the GLA service contracts and that there is no evidence that these contracts were transferred by either GLA or Defendant. As the moving party who does not bear the burden of proof on these issues, Defendant has met his initial burden under *Celotex Corp*. of pointing out that there is an absence of evidence to support Plaintiff's case.

With respect to ownership of the service contracts, Plaintiff relies on Defendant's majority shareholder interest in GLA in contending that Defendant owned the service contracts. However, "[a] basic tenet of American corporate law is that the corporation and its shareholders are distinct entities." *Dole Food Co. v. Patrickson*, 538 U.S. 468, 474 (2003). "An individual shareholder, by virtue of his ownership of shares, does not own the corporation's assets . . . ." *Id.* at 475. Courts have applied this tenet when interpreting "property of the debtor" in the context of § 727(a)(2)(A) and have rejected the argument that the transfer of assets of a corporation could be a basis for the denial of discharge to a shareholder. *See, e.g., Mcorp Mgmt. Solutions, Inc. v. Thurman (In re Thurman)*, 901 F.2d 839, 841 (10th Cir. 1990) (explaining that "property of the debtor" is not the same as property in which the debtor has a derivative interest and finding that "Congress intended to limit the reach of § 727(a)(2)(A) only to those transfers of property in which the debtor has a direct proprietary interest"); *Northeast Nebraska Econ. Dev. District v. Wagner (In re Wagner)*, 305 B.R. 472, 475 (B.A.P. 8th Cir. 2004) (transfer of property of debtor's closely held company was not transfer of property of the debtor under § 727(a)(2)); *Hulsing Hotels Tenn., Inc. v. Steffner (In re Steffner)*, 479 B.R. 746, 761 (Bankr. E.D. Tenn. 2012) (holding that property of a corporation or limited liability company belongs to that entity, not the owners of the entity, "even if the corporation has only one shareholder or member." ); *BankUnited, N.A. v. Lehmann (In re Lehmann)*, 511 B.R. 729, 735 (Bankr. M.D. Pa. 2014) (explaining that § 727(a)(2)(A) does not apply when the disposition involves property belonging to an entity other than the debtor, "even if the transfer may cause an incidental effect upon the debtor's

---

[2] Defendant denies this averment of the complaint. [Doc. # 6, ¶ 11]. His affidavit states that he owns fifty-four percent of the stock in GLA. [Doc. # 15, attached Def. Aff., ¶ 2]. Plaintiff provides no evidence showing otherwise. Nor would the difference between a fifty-four percent ownership interest and a fifty-six percent ownership interest in GLA be a material fact necessitating a trial to resolve the dispute even if Plaintiff properly offered evidence of a fifty-six percent ownership interest.

assets"). Relying on the plain language of the statute, courts have recognized that § 727(a)(2) is concerned with the disposition of property in which the debtor has a "direct proprietary interest." *See Thurman*, 901 F.2d at 841; *Lehmann*, 511 B.R. at 735. The court finds these opinions persuasive as the plain language of § 727(a)(2) addresses only dispositions of "property of the debtor" or "property of the estate."

Although there is limited authority for Plaintiff's position, *see Grant v. Benjamin (In re Benjamin)*, 210 B.R. 203, 209 (Bankr. M.D. Fla. 1997); *Bennett v. Hollingsworth (In re Hollingsworth)*, 224 B.R. 822, 829 (Bankr. M.D. Fla. 1998), "neither cite nor provide authority for simply disregarding the distinction between a corporation and its shareholders," *Lort v. Ferguson Enter., Inc. (In re Lort)*, 347 B.R. 909, 911 (M.D. Fla. 2006). These cases do not bind this court and they lack any persuasive force. Likewise Plaintiff advances no argument and cites no authority for disregarding this distinction. The court finds Plaintiff's reliance on Defendant's majority shareholder interest is an insufficient basis for finding that any transfer of GLA's service contracts, to the extent that any such transfer occurred,[3] was a prepetition transfer of "property of the debtor" or a postpetition transfer of "property of the estate." One court aptly observed that, to find otherwise, "the estate of a debtor who holds a share in a corporation would not only include the value that share would bring, but also a liquidatable interest in any asset owned by that corporation." *Thurman*, 901 F.2d at 841.

As Plaintiff has offered no evidence of facts showing that there is a genuine issue for trial, Defendant's motion for summary judgment will be granted.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 15] be, and hereby is, **GRANTED.** The court will enter a separate judgment in accordance with this Memorandum of Decision and Order.

###

---

[3] Plaintiff offers no evidence of any transfer by Defendant.